NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

NOV 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| **FLORENCIO MADRIZ-DIAZ, AKA Florencio Diaz Madriz,**<br><br>Petitioner,<br><br>v.<br><br>**LORETTA E. LYNCH, Attorney General,**<br><br>Respondent. | No. 14-71756<br><br>Agency No. A092-202-733<br><br><br>**MEMORANDUM**[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2016[**]
San Francisco, California

Before: **KOZINSKI**, **GILMAN**[***] and **FRIEDLAND**, Circuit Judges.

**1.** Madriz-Diaz petitions for review of a Board of Immigration Appeals

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

(BIA) order upholding the Immigration Judge's (IJ) denial of his applications for withholding of removal and protection under the Convention Against Torture (CAT). The IJ held that Madriz-Diaz failed to show that, if removed to Mexico, he would be persecuted on account of a protected ground. Substantial evidence supports this holding. Madriz-Diaz claims that he is likely to be persecuted on account of his membership in "the 'particular social group' of Mexicans deported from the United States to Mexico, with families in the United States." But we've already held that "returning Mexicans from the United States . . . is too broad to qualify as a cognizable social group." Delgado-Ortiz v. Holder, 600 F.3d 1148, 1151–52 (9th Cir. 2010). And Madriz-Diaz hasn't shown that "it is more likely than not that [he] will be persecuted on account of a statutorily-protected ground." Id. at 1152 (emphasis added) (internal citation and quotation marks omitted); Zetino v. Holder, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Because we conclude that substantial evidence supports the IJ's denial of withholding of removal, we need not reach Madriz-Diaz's claim that the IJ improperly determined, in the alternative, that Madriz-Diaz had been convicted of a "particularly serious crime."

**2.** Substantial evidence also supports the IJ's determination that Madriz-Diaz is not eligible for protection under the CAT. To receive protection under the CAT, petitioner "must establish that it is more likely than not that [he] would be tortured if returned to Mexico." Delgado-Ortiz, 600 F.3d at 1152 (citations omitted). Madriz-Diaz doesn't make any claims of past torture. And he admits that he hasn't been harmed or threatened by anyone from Mexico. Madriz-Diaz's claims amount to a generalized fear of crime and violence in Mexico, which we've held is insufficient to support his application under the CAT. Id.

**3.** To the extent that Madriz-Diaz fears returning to his hometown of Apatzingan, he hasn't presented any compelling evidence as to why he couldn't reasonably and safely relocate to a different area of Mexico.

**DENIED.**